# Hughes *v.* The State.

(Decided July 2, 1907.  44 South. 694.)

1. *Witnesses; Impeachment; Material Matter.*—Where the testimony of one of defendant's witnesses, on the direct examination tended to show that defendant acted in self defense in committing the assault, it was proper on cross examination to ask him if at a certain time and place, in the presence of one C., he did not state

[James v. The State.]

that he saw the difficulty and that the defendant just called the person assaulted off to one side and cut him for nothing; and the witness denying having made such a statement, it was proper to allow C., to testify that he did make it, since such evidence was material to the issues involved.

2. *Appeal; Harmless Error; Examination of Witness.*—The witness answering that he did not remember, it was harmless error to allow him to be asked if he did not plead guilty to an assault on H. in a former difficulty.

3. *Evidence; Character.*—Aside from the general reputation or character of a person, a witness cannot testify merely of another's unworthiness from his personal knowledge.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

James Hughes was convicted of assault with intent to murder one Bob Hunter. The assignments of error and the facts of the case are sufficiently stated in the opinion of the court. Affirmed.

DANIEL COLLIER, for appellant.—The attempt to impeach the witness was as to immaterial matter which is not permissible.—*Ortez v. Jewett,* 23 Ala. 663; *Rosenbaum v. The State,* 33 Ala. 361; *Bivins v. Brown,* 37 Ala. 422; *Seales v. Chambliss,* 35 Ala. 22; *Orr v. The State,* 107 Ala. 38. The court erred in allowing the witness, on cross examination, to be asked if he had not pleaded guilty to an assault and battery as to a former difficulty. —*Sylvester v. The State,* 71 Ala. 17; *Taylor v. The State,* 62 Aa. 164; *Smith v. The State,* 129 Ala. 91; *Gordon v. The State,* 140 Ala. 38.

ALEX. M. GARBER, Attorney General, for the State.— The witness having answered he did not remember it was harmless to error to permit the question as to whether or not he had interposed the plea of not guilty as to a former difficulty.—*Brock v. The State,* 39 South. 580. Character must be proven by general reputation

and not from personal knowledge.—*DeArman v. The State*, 71 Ala. 361. The witness was properly cross examined as to his former statement concerning the difficulty, and the evdence was as to material matter.—*Reeves v. The State*, 96 Ala. 33; *Brock v. The State*, *supra*.

HARALSON, J. The witness for the defendant, Kelly Moore, on his direct examination, testified to facts favorable to defendant, and unfavorable to the state.

On his cross-examination, he was asked by the state, "whether or not, on the day of the difficulty between Hunter and the defendant, and shortly thereafter, you said in the presence of James S. Christian, in Northport, near Trimm's drug store, that you saw the difficulty between Hunter and the defendant, and that the defendant just called Bob Hunter off and cut him for nothing?" Objection was interposed by defendant, because the question sought to impeach the witness, Kelly Moore, on immaterial, irrelevant and illegal evidence and because it sought to impeach him on a conclusion or opinion of the witness, and did not call for a statement of facts, which objection the court overruled. The witness answered that he did not make such statement in the presence of said Christian.

We fail to discover that there was any error here. The witness' evidence, on the direct examination, tended to show that defendant acted in self-defense. If "the defendant just called Bob Hunter off and cut him," he would be guilty of the crime charged.

The witness, Christian, was afterwards called, and testified that the witness, Moore, did make that statement, at the time and place hypothesized. It was entirely proper thus to contradict the witness.

On the cross-examination of the defendant, the solicitor asked him, "Did you not plead guilty to an assault and battery with a weapon on Bob Hunter in the case of the former difficulty referred to with Hunter?" To this question defendant objected, for that it sought to elicit irrelevant and immaterial matter, that it sought to bring out the details of the former difficulty, and on the ground that the record was the best evidence of what was sought to be proved.

The defendant answered that he did not remember whether he pleaded guilty or not. There was no injury to the defendant under this answer.—*Borck v. State*, 39 South. 580.

The witness, May, was called by defendant to prove the bad character of Bob Hunter. He testified, "that he knew Hunter's character as being a dangerous and fussy man, that he knew this of his own knowledge," and what he had said "was based on his own knowledge and not (on) what other pepople say."

The above evidence of May was excluded on motion of the solicitor, and in this there was no error. A witness cannot speak merely of his personal knowledge of another's unworthiness, aside from general reputation or character.—*Martin v. Martin,* 25 Ala. 211; *De Arman v. State,* 71 Ala. 361; *Holmes v. State,* 88 Ala. 29, 7 South. 193, 16 Am. St. Rep. 17.

We find no error in the record and the judgment is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.